UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RENEE ABT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 13-118 (RMC) |
| SALLY JEWELL, Secretary, Department of the Interior, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff Renee Abt moves to compel the production of documents from the U.S. Park Police to support her allegations of unlawful employment discrimination. Defendant contends that Ms. Abt's document requests already have been produced, do not exist, or were not properly sought by her in discovery. For the reasons set forth below, the Court will deny Ms. Abt's motion.

**I. FACTS**

Detective Renee Abt sues her former employer, the U.S. Park Police,[1] alleging that the Agency unlawfully placed her on limited duty status after she disclosed her pregnancy. Compl. [Dkt. 1] ¶¶ 64–70. Ms. Abt alleges that, by reassigning her from the Criminal Investigations Branch to Human Resources and changing her shift from nights and weekends to a standard weekday shift, the U.S. Park Police discriminated against her on the basis of pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended

---

[1] The U.S. Park Police is a component of the U.S. Department of the Interior. As such, Ms. Abt sues Sally Jewell, Secretary, Department of the Interior.

1

by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).[2] The parties have been conducting fact discovery since May 28, 2013, *see* Scheduling Order [Dkt. 17], and the Court has held four telephone conferences to resolve various discovery disputes surrounding the parties' document requests and depositions. On February 5, 2014, the Court granted Ms. Abt leave to file a motion to compel relating to any outstanding discovery disputes. *See* Feb. 5, 2014 Minute Order.

On February 25, 2014, Ms. Abt's counsel moved to compel the production of five categories of documents:

> [1] Documents Relating to a Purported "Pressing Need" for Help in Human Resources;
>
> [2] Reassignment Memoranda for Injured and/or Pregnant [U.S. Park Police] Personnel;
>
> [3] A Search for Any Missing Payton Responsive Emails;
>
> [4] A Witness Prepared to Testify as to the Handwriting on [a] Draft Memorandum Dated July 18, 2008; and
>
> [5] Items Withheld [o]n the Basis of Objections to [Ms. Abt's] Discovery Requests.

Mot. to Compel [Dkt. 34] at 1.[3]

Defendant filed an opposition on March 14, 2014, arguing that "the information [Ms. Abt] seeks to compel either has been produced, does not exist, or was not sought by [her] in discovery." *See* Opp'n [Dkt. 37] at 1.

---

[2] Title VII, as amended by the Pregnancy Discrimination Act, prohibits discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions," and further provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work . . . ." 42 U.S.C. § 2000e(k).

[3] All page numbering is based on the numbers provided by the parties, rather than those supplied by the electronic case filing system.

Under the first Scheduling Order, fact discovery was scheduled to close on November 25, 2013, *see* Scheduling Order at 1, but the Court granted three requests for extensions of time to complete discovery, *see* Nov. 12, 2013 Minute Order; Feb. 14, 2014 Minute Order; Mar. 10, 2014 Minute Order. The parties completed fact discovery on March 14, 2014, and the Court held a post-discovery status conference four days later. *See* Mar. 18, 2014 Minute Entry. At the status conference, Ms. Abt's counsel agreed to forgo a reply brief in support of her motion to compel. *See* Mar. 18, 2014 Scheduling Order [Dkt. 38].

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide, in part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance" is broadly construed. *Food Lion v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997). Under Rule 26(b), "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Trial courts exercise considerable discretion in handling discovery matters." *Food Lion*, 103 F.3d at 1012 (citing *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)); *United States v. Kellogg Brown & Root Servs.*, 284 F.R.D. 22, 27 (D.D.C. 2012).

However, Federal Rule of Civil Procedure 26(b) also provides limits on the scope of discovery. *See* Fed. R. Civ. P. 26(b)(2)(C). Specifically, a court "must" limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.*; *accord Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 3 (D.D.C. 2009).

Under Federal Rule of Civil Procedure 37(a)(1), a party may move for an order compelling disclosure or discovery. "[T]he party seeking to compel discovery has the burden of proving that a discovery response is inadequate." *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)).

### III. ANALYSIS

Ms. Abt requests additional documents and testimony "to better understand why she was placed on limited duty, why she was reassigned to Human Resources, and who at the [U.S. Park Police] was responsible for those decisions." Mot. to Compel at 5. Ms. Abt also takes issue with Defendant's destruction of certain documents that could have been relevant to her case. *Id.* at 7. Defendant responds that it has satisfied its discovery obligations in good faith, but cannot produce documents that it does not have. Opp'n at 6. The Court addresses Ms. Abt's requests based on the document categories described in her Motion to Compel.

**A. Documents Related to a "Pressing Need" for Help in Human Resources**

In 2008, Ms. Abt was reassigned from the Criminal Investigations Branch of the U.S. Park Police to the Human Resources Department because of an alleged "pressing need" for additional personnel. Ms. Abt alleges that, upon arriving in Human Resources, she had no assignments to complete. Mot. to Compel at 8. In deposition, witnesses from the U.S. Park

4

Police testified that the Chief of Police had issued a directive to transfer limited duty personnel to Human Resources to help conduct background investigations. *Id.* The directive was allegedly announced at a meeting, but the parties dispute whether the Chief of Police issued a formal, written directive on this point, and whether the attendees kept notes on the directive as discussed at the meeting. *See id.* ("[Ms. Abt] has requested the Chief of Police's general announcement relating to Human Resources reassignments," and "any corresponding roster of attendance, meeting minutes, or any other materials relating to the purported 'pressing need' in Human Resources."); Opp'n at 8 ("[C]ontrary to [Ms. Abt's] [] claim, there is no evidence that any written documents were created in connection with the Chief of Police's decision, or announcement of his decision, to reassign limited-duty personnel to [Human Resources] to assist in work associated with new recruits or applicants.").

Ms. Abt also requests documents to establish that she had a small number of work assignments to complete during her temporary reassignment to Human Resources.[4] Mot. to Compel at 9. Defendant responds that any documents related to the type or number of Ms. Abt's Human Resources assignments were destroyed in the ordinary course of business. Opp'n at 9

---

[4] In particular, Ms. Abt requests:

> All formal or informal Applicant/Recruit Processing Check Lists, Applicant/Recruit Case Jacket Cover Sheets, Applicant/Recruit Background Investigation assignment/completion logs, or similar documentation for any applicant/recruit/employee completed between the date of Chief Lauro's Announcement and November 7, 2008[; and]
>
> All formal or informal Applicant/Recruit Processing Check Lists, Applicant/Recruit Case Jacket Cover Sheets, Applicant/Recruit Background Investigation assignment/completion logs, or similar documentation that may identify work performed by Detective Abt at any time during her reassignment to HR.

Mot. to Compel at 9.

(citing Def.'s Ex. 8 (Hutson Decl.) [Dkt. 37-2] ¶ 6); *see also* Pl.'s Ex. H (Counsel Correspondence) [Dkt. 34-8] at 2 (stating that Human Resources-related documents were destroyed in 2011).

Ms. Abt has requested documents related to her time in Human Resources to demonstrate that there was no business need for her reassignment, but there is no basis for the Court to find that Defendant has not, in good faith, searched for and produced documents responsive to this request. While there may be issues concerning the U.S. Park Police's failure to implement a proper litigation hold on documents relating to Ms. Abt's case, that issue is best addressed at a more advanced stage in the litigation. Ms. Abt offers no evidence or argument that Defendant may, in fact, have responsive records that have not been produced. Accordingly, Ms. Abt's motion to compel the production of documents related to a "pressing need" for help in Human Resources will be denied.

### B. Reassignment Memoranda for U.S. Park Police Personnel

Ms. Abt also requests "the Limited Duty and/or Reassignment Memoranda provided to sworn officers (1) O'Toole, Horton, Dowd, Matias, Bourke, Sepek, and Daniels following each of those individuals' injury or medical disability, and (2) any female sworn officers who were put on limited/light duty following disclosure of their pregnancy." Mot. to Compel at 9. Ms. Abt requests these documents to demonstrate that she was treated differently than other officers placed on limited duty status as a result of an injury. *Id.* (citing *Moore v. Napolitano*, 723 F. Supp. 2d 167, 181 (D.D.C. 2010) ("A critical question in any discrimination action is whether the alleged disparity between plaintiffs and other similarly-situated individuals or groups was the result of unlawful discrimination.") (other citation omitted)).

6

Defendant counters that O'Toole, Horton, Matias, Bourke, Sepek, and Daniels[5] were asked to produce reassignment memoranda, but none of them had any responsive documents. Opp'n at 10. Defendant also contends that Human Resources could not locate any documents responsive to this discovery request. With respect to Ms. Abt's request for the reassignment memoranda issued to pregnant officers, Defendant responds that it has released all responsive documents in its custody.[6] *Id.* at 11.

Again, there is no reason for the Court to find that Defendant has purposely evaded Ms. Abt's discovery requests. The U.S. Park Police has produced some responsive materials related to the reassignment memoranda that it issued to other personnel. The Court recognizes that Ms. Abt requests documents to advance her claim of disparate treatment, but Defendant correctly notes that it "cannot produce reassignment documents it has been unable to locate." *Id.* at 12. The Court will deny Ms. Abt's motion to compel the production of reassignment memoranda issued to other injured and pregnant U.S. Park Police personnel.

**C. Additional Responsive Emails from Ms. Payton**

Ms. Abt contends that, in July 2008, Sergeant Steinheimer informed her that Captain Horton and Major O'Toole decided to place her on limited duty status because of her pregnancy. Mot. to Compel at 4. Sergeant Steinheimer allegedly reported that Ms. Payton, the Human Resources contact, had been consulted, but had not been involved in the limited duty or

---

[5] The U.S. Park Police did not request documents from Officer Dowd because he has retired from the Agency. Opp'n at 10.

[6] Specifically, Defendant contends that it produced all documents retrieved from Human Resources and Ms. Payton, as well as all documents produced by other U.S. Park Police officers who are known to have been pregnant. Opp'n at 11. Defendant also produced a spreadsheet created during the administrative phase of this case, which summarizes work assignments and accommodations provided to non-pregnant U.S. Park Police employees with an injury or medical disability. *Id.*; *see also* Def.'s Ex. 11 (Assignments and Accommodations Chart) [Dkt. 41-3].

reassignment decisions.  *Id.*  But Ms. Abt claims that, after Captain Horton's deposition on January 15, 2014, she discovered that Ms. Payton might have been involved in the U.S. Park Police's decision to reassign Ms. Abt during her pregnancy.  *Id.* at 5.

Given this information, Ms. Abt renewed her request for Ms. Payton's correspondence on January 17, 2014.  *See* Pl.'s Ex. E (Jan. 17, 2014 Letter) [Dkt. 34-5] at 1–2. One week later, Defendant allegedly informed Ms. Abt that it was not required to respond unless she tied her request to an outstanding request for production.  Mot. to Compel at 6.  Plaintiff complied with this request, and Defendant produced additional emails from Ms. Payton on February 7, 2014.[7]  Ms. Abt, however, "is not persuaded that all of Ms. Payton's relevant emails have been produced."  *Id.* at 10.  To substantiate this concern, Ms. Abt references an email from Administrative Officer Ken Brodie to Ms. Payton, which states: "[Ms. Abt] had a child and I know she can be difficult.  I am not aware of updates, but I really think they need to back off some . . . . Help me with this."  *Id.*  Because discovery has demonstrated that Ms. Payton consistently responded to emails, Ms. Abt is "concerned that Ms. Payton *responded* to Officer Brodie's inquiry, but that the contents of that response may further implicate the [U.S. Park Police] or reveal discriminatory motives and the response was therefore withheld or otherwise destroyed."  *Id.* at 11 (emphasis in original).  As a result, Ms. Abt requests that Defendant conduct additional searches for the period from February 2009 through April 2009 to isolate Ms. Payton's alleged response to Mr. Brodie's email.  *Id.*

Ms. Payton has testified that she does not recall responding to Mr. Brodie's email. Opp'n at 13 (citing Def.'s Ex. 5 (Payton Decl.) [Dkt. 37-1] ¶ 2 ("I have no recollection of

---

[7] Defendant produced the additional Payton emails on February 4, 2014, but Ms. Abt's counsel complained that the documents had been produced in an unreviewable format.  *See* Opp'n at 6 n.3.  As a result, Defendant re-produced the documents on February 7, 2014.  *Id.*; Mot. to Compel at 6.

responding to Mr. Brodie's request for help. I have also reviewed my emails during this time period . . . and I found no email responding to this request. It was not my practice to always respond to emails in writing.")). The Court will not compel Government counsel to search for documents that may or may not exist based on Ms. Abt's unsubstantiated speculation that Ms. Payton responded to Mr. Brodie's email. Defendant produced additional emails from Ms. Payton on February 7, 2014. There is no basis to find that Defendant is concealing additional emails on this topic, particularly because Ms. Payton already has declared that she believes Mr. Brodie's request was "overtaken by other events[,] so no direct response ended up being needed." Payton Decl. ¶ 2. It bears repeating that "the party seeking to compel discovery has the burden of proving that a discovery response is inadequate." *Barnes*, 289 F.R.D. at 6 (citing *Equal Rights Ctr.*, 246 F.R.D. at 32). Since Ms. Abt has not carried this burden with respect to Ms. Payton's emails, the Court will deny her Motion to Compel on this ground.

### D. A Witness Prepared to Testify as to Handwriting on a Draft Memorandum

After the deposition of Sergeant Steinheimer on December 30, 2013, Ms. Abt received a July 18, 2008 draft of her Reassignment Memorandum. In this version of the document, an unidentified author had crossed out Ms. Abt's assignment to the daytime shift and written in the margins: "Reassigned to the Human Resources And They Will Determine Your Shift + Tour of S/O." Pl.'s Ex. F (July 18, 2008 Reassignment Memorandum) [Dkt. 34-6] at 5. Ms. Abt believes that this handwriting indicates that someone within the U.S. Park Police agreed that she should maintain her evening shift. Mot. to Compel at 11. On January 15, 2014, Captain Horton testified that David Stover[8] could have been the author of the handwritten note. Def.'s Ex. 2 (Horton Dep.) [Dkt. 39-2] at 8 (Q. "What other individuals can you think of whose

---

[8] Mr. Stover retired from the U.S. Park Police in 2008.

handwriting it might be?" A. "The only other people . . . [were] Karlyn Payton in Human Resources and David Stover."). Mel Hutson, Attorney-Advisor in the Office of Solicitor for the Department of Interior, requested that Captain Horton, Major O'Toole, and Ms. Payton review the handwriting to discern the author, but none of these individuals was able to identify the writer. Hutson Decl. ¶ 9. Ms. Abt now seeks a motion to compel further discovery into the author of the handwritten note. Mot. to Compel at 12.

The record indicates that David Stover is the most likely source of the handwritten note on Ms. Abt's Reassignment Memorandum. Ms. Abt cannot fault Defendant for failing to produce a witness she did not request. Captain Horton testified that David Stover could have been the author, but Ms. Abt has made no effort to secure Mr. Stover's testimony to support her Complaint. While the Department of the Interior undoubtedly has an obligation to produce relevant and responsive materials in discovery, Ms. Abt also has methods and means for requesting relevant information from third parties. *See* Fed. R. Civ. P. 45(a)(1)(iii) (providing that a party may issue subpoenas to command a person to testify and produce designated documents). The Court will not compel Defendant to produce a witness that Ms. Abt could have subpoenaed during fact discovery.

**E. Items Withheld on the Basis of Defendant's Objections to Discovery Requests**

Finally, Ms. Abt contends that "[t]he Interior has previously represented during the meet and confer process that where it has objected to Plaintiff's discovery requests, those objections supersede the obligation to search for and produce relevant information." Mot. to Compel at 12. Ms. Abt objects to Defendant's alleged contention, and therefore requests a motion to compel to the extent that Defendant has relied on objections to refuse to produce

otherwise discoverable material. *Id.* at 12–13. Defendant responds that it has never refused to produce relevant or otherwise discoverable information, and that Ms. Abt provides no evidence to support her claim. Opp'n at 16. Defendant also asserts that Ms. Abt's request "amounts to no more than a request to overrule all of [D]efendant's objections." *Id.*

The Court finds that Ms. Abt's request is too vague and speculative to support a motion to compel. *See Barnes*, 289 F.R.D. at 6 ("[T]he party seeking to compel discovery has the burden of proving that a discovery response is inadequate."). Ms. Abt cannot require defense counsel to review each discovery response and reassess whether, based on its objections, it withheld material that otherwise would have been discoverable. Instead, Ms. Abt had an obligation to demonstrate affirmatively that Defendant failed to produce discoverable information. Because Ms. Abt has made no showing on this issue, the Court will deny her motion.

## IV. CONCLUSION

For the reasons set forth above, Ms. Abt's Motion to Compel the Production of Relevant Categories of Documents, Dkt. 34, will be denied. A memorializing Order accompanies this Memorandum Opinion.


Date: April 11, 2014                         /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge